# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| Jenita Williams, | : |
| | : Civil Action No.:  6:18-cv-00247 |
| Plaintiff, | : |
| v. | : |
| | : |
| Edward Sloan and Associates, Inc., | : |
| | : **COMPLAINT** |
| Defendant. | : JURY |
| | : |
| | : |

For this Complaint, Plaintiff, Jenita Williams, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.     Plaintiff, Jenita Williams ("Plaintiff"), is an adult individual residing in Longview, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(39).

4.     Defendant Edward Sloan and Associates, Inc. ("Sloan"), is a Texas business entity with an address of 368 Private Road 8565, Winnsboro, Texas 75494-8038, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**     **The Debt**

5.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      The Debt was purchased, assigned or transferred to Sloan for collection, or Sloan was employed by the Creditor to collect the Debt.

8.      Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **Sloan Engages in Harassment and Abusive Tactics**

9.      Within the last year, Sloan began calling Plaintiff's cellular telephone, number 903-xxx-0399, in an attempt to collect the Debt.

10.     At all times mentioned herein, Sloan called Plaintiff using an automatic telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice.

11.     On or about May 12, 2017, Plaintiff paid the Debt.  However, Sloan continued to call Plaintiff in an attempt to collect the Debt.

12.     When Plaintiff answered calls from Sloan, she heard a prerecorded message.

13.     On or about October 25, 2017, Plaintiff sent an email to Sloan and advised that the Debt had already been paid.

14.     Thereafter, the calls continued.

15.     On November 3, 2017, Plaintiff mailed a cease and desist letter to Sloan.

16.     Nevertheless, Sloan continued to place automated calls to Plaintiff's cellular telephone number in an attempt to collect the Debt.

**C.     Plaintiff Suffered Actual Damages**

17.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

18.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant contacted Plaintiff after having received written notification from Plaintiff to cease communication.

21.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22.     Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

23.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

3

25.     Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

26.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

28.     Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

29.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

30.     Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

31.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

33.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

4

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

   § 1692k(a)(3);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 4, 2018

                                        Respectfully submitted,

                                        By  */s/ Jenny DeFrancisco*

                                        Jenny DeFrancisco, Esq.
                                        CT Bar No.: 432383
                                        LEMBERG LAW LLC
                                        43 Danbury Road, 3rd Floor
                                        Wilton, CT 06897
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        E-mail: jdefrancisco@lemberglaw.com
                                        *Attorneys for Plaintiff*